# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

DONALD HICKS,

                        :

        Petitioner,                      Case No. 3:10-cv-064

                        :        District Judge Walter Herbert Rice
     -vs-                           Magistrate Judge Michael R. Merz

MICHAEL SHEETS, Warden,

                        :

        Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case was brought by Petitioner Donald Hicks pursuant to 28 U.S.C. § 2254 to obtain relief from a term of incarceration he is serving in Respondent's custody. As with all habeas corpus cases, it has been referred to a United States Magistrate Judge and is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

Petitioner was convicted of one count of felonious assault on his negotiated plea of guilty to that charge, a second degree felony. He had originally been charged with unlawful sexual conduct with a minor under the age of thirteen, a first-degree felony. He was sentenced to five years imprisonment, followed by a three-year term of post-release control.

Mr. Hicks pleads the following claims:

> **Ground One:** Appellant was prejudicially deprive of his constitutional rights to effective assistance of counsel as a result of [no-error brief].
>
> **Supporting Facts:** There were errors to raise, but were not; instead a no error brief was filed.

**Ground Two:** Petitioner was sentenced in an unconstitutional system in which a Judge, not a jury, found sentence enhancing factors.

**Supporting Facts:** The trial judge did not give any reasons as to why he sentenced the Petitioner the way he did, just quoted civil code, not revised codes. And went beyond the statutory guidelines of his sentence.

**Ground Three:** The Petitioner was deprive counsel because of counsel's failure to predicate an error for Community Control Sanctions.

**Supporting Facts:** The Petitioner was qualified for Community Control and the Probation Department even requested it, but the Trial Court imposed an Unconstitutional sentence instead.

**Ground Four:** Consecutive sentences based on facts not found by a jury nor admitted by defendant violates his constitutional rights.

**Supporting Facts:** The trial court imposed consecutive sentences, using civil factors, and claimed that the five years plus the three years was not the maximum for a felony of the second degree. A second degree felony is Two to Eight.

In his brief supporting the Petition, Mr. Hicks words these grounds in slightly different ways and adds a fifth ground: The Appellate Court erred when it rendered its bias [sic] opinion, and prejudiced the Petitioner.


## Ground One


In his first Ground for Relief, Petitioner asserts he received ineffective assistance of appellate counsel on his direct appeal when his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), indicating he could find no appealable error.

It is certainly true that indigent criminal defendants are entitled under the Sixth Amendment

to the effective assistance of counsel. This includes counsel on direct appeal of right. *Douglas v. California*, 372 U.S. 353 (1963); *Ross v. Moffitt*, 417 U.S. 600 (1974). However, to succeed on such a claim, a habeas petitioner must show that there was some assignment of error, some issue, which was stronger than the issues actually presented. Counsels' failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented. *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

Petitioner has not told this Court what issues he thinks his appellate counsel should have raised and why they would have been stronger than the two issues counsel suggested when he filed the *Anders* brief . To put it another way, this Court cannot evaluate how strong a claim is without being told the nature of the claim. Petitioner has completely failed to show that his appellate attorney provided ineffective assistance in filing an *Anders* brief. The first Ground for Relief should be denied on the merits.

## Ground Two

In Ground Two Petitioner asserts he was deprived of his right to trial by jury when the trial judge, rather than a jury, found enhancing facts necessary to make the sentence greater for a first-time offender than the shortest prison term provided for the degree of offense of which he was convicted. Petitioner relies on Ohio Rev. Code § 2929.14(B) for the proposition that, in order to enhance the sentence, there must be a finding that the shortest prison term "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."

The language Petitioner quotes was adopted by the Ohio General Assembly as part of Senate Bill 2 in 1996. However, it was found unconstitutional by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), on the same basis on which Petitioner criticizes it, to wit, that it violates a defendant's right to have all elements which determine sentence decided by a jury, as determined in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* was handed down June 24, 2004. In *Foster*, decided in February, 2006, the Ohio Supreme Court severed this portion of Ohio Rev. Code § 2929.14. Thus this requirement for additional findings of fact to enhance a sentence for a first offender was not part of the Ohio Revise Code in May, 2008, when Mr. Hicks was sentenced. Instead in *Foster* the Ohio Supreme Court reinstated a trial judge's authority to sentence an offender to any term within the statutory range adopted by the legislature without making any special findings of enhancing facts. There is no doubt that the five-year sentence imposed here is within the statutory range of two to eight years. Because Ohio law did not require the trial judge to make an enhancing findings of fact, Petitioner was not deprived of his

constitutional right to a jury to make such findings. *Stalnaker v. Bobby*, 589 F. Supp. 2d 905 (N.D. Ohio 2008), cited by Petitioner, is not to the contrary since Stalnaker was sentenced in 2004, well before Foster was decided. Ground Two for Relief is without merit.


## Ground Three


In his third Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel because his appellate counsel did not assign as error the failure to sentence Petitioner to community control when the Probation Department had recommended that sentence to the trial judge.

Petitioner argues that he was qualified for a community control sentence, that the Probation Department told him they would recommend such a sentence, and the trial judge did not articulate any reasons for failing to impose such a sentence. Petitioner admits that there is a presumption in favor of a prison term for persons convicted of second degree felonies.

Petitioner raised this claim on direct appeal and the Court of Appeals read the presentence investigation report and made an express finding of fact that it did not recommend community control, but in fact recommended that a prison term be imposed. *State v. Hicks,* 2009 Ohio 2740, 2009 Ohio App. LEXIS 2324 at ¶ 17 (Ohio App. 2d Dist. June 5, 2009). Under 28 U.S.C. §2254(e)(1), a state court's findings of fact are presumed correct and may be rebutted by the petitioner only by clear and convincing evidence to the contrary. *Cornwell v. Bradshaw*, 559 F.3d 398, 405 (6th Cir. 2009); *Mitchell v. Mason,* 325 F.3d 732, 737-38 (6th Cir. 2003); *Warren v. Smith,* 161 F.3d 358, 360-61 (6th Cir. 1998). This statutory presumption of correctness extends to factual

findings made by state appellate courts on the basis of their review of trial court records. *Girts v. Yanai,* 501 F.3d 743, 749 (6th Cir. 2007); *Mason v. Mitchell,* 320 F.3d 604, 614 (6th Cir. 2003); *Brumley v. Wingard,* 269 F.3d 629, 637 (6th Cir. 2001), citing *Sumner v. Mata,* 449 U.S. 539, 546-47 (1981). The Court of Appeals decision conclusively establishes that the Probation Department did not recommend a community control sentence.

Even if the Probation Department had made such a recommendation and Judge Wagner had overridden it, that would not have entitled Petitioner to federal habeas corpus relief. There is no federal constitutional right to be sentenced as a probation officer has recommended. In our American system of jurisprudence, it is judges who impose sentence, not probation officers.

There is also no federal constitutional right to have a sentence modified because a trial judge has not explained himself as to why he has chosen within a range of statutorily provided sentences. While the Supreme Court has recognized that death is a disproportionate sentence for any crime except special classes of murder, it has never extended that analysis to permit federal trial courts to reweigh imprisonment sentences. Ground Three for Relief is without merit.

## Ground Four

In Ground Four, Petitioner repeats his argument that he was entitled to trial by jury on any enhancing facts relied on for the sentence imposed, the same claim he made in Ground Two. The fourth Ground for Relief is without merit for the same reasons as Ground Two.

## Ground Five

In his fifth Ground for Relief, Petitioner asserts the Court of Appeals was biased against him. However, he cites no facts which would support a finding of bias. Instead, he adverts to differences between the typed transcript of the sentencing hearing and the video record of that hearing. The Court of Appeals recognized that difference. *Hicks*, supra, at ¶¶ 6-7. Petitioner seems to believe that, considering the difference, they then went on improperly to consider his original charge.

There is no constitutional right to have a particular form of the record on appeal in a state court prevail over another kind, especially when the Court of Appeals considers both versions. There is nothing unconstitutional with the Court of Appeals considering the original charge because the indictment for that charge was a part of the record and the Court of Appeals rightly found that Petitioner received a substantial benefit for his guilty plea – reduction of the seriousness of the offense and elimination of the mandatory lifetime registration as a sex offender which would have followed conviction on the more serious offense. Ground Five for Relief is also without merit.

## Conclusion

The Magistrate Judge concludes the Petition is without merit and respectfully recommends that it be dismissed with prejudice. Because reasonable jurists would not disagree, the Petitioner

should not be permitted to appeal *in forma pauperis* and should not be granted a certificate of appealability.

February 18, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).