# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DONALD HICKS,
:
    Petitioner,                                    Case No. 3:10-cv-064

:        District Judge Walter Herbert Rice
-vs-                                    Magistrate Judge Michael R. Merz

MICHAEL SHEETS, Warden,
:
    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 5) to the Magistrate Judge's Report and Recommendations (Doc. No. 3) which recommended that the Petition be dismissed with prejudice on initial review under Rule 4 of the Rules Governing § 2254 Cases. The General Order of Assignment and Reference for the Magistrate Judges at Dayton allows them to reconsider reports or decisions when objections are made, without a separate order of recommittal under Fed. R. Civ. P. 72.

Petitioner was convicted of one count of felonious assault on his negotiated plea of guilty to that charge, a second degree felony. He had originally been charged with unlawful sexual conduct with a minor under the age of thirteen, a first-degree felony. He was sentenced to five years imprisonment, followed by a three-year term of post-release control.

Mr. Hicks pleads the following claims:

> **Ground One:** Appellant was prejudicially deprived of his constitutional rights to effective assistance of counsel as a result of

[no-error brief].

**Supporting Facts:** There were errors to raise, but were not; instead a no error brief was filed.

**Ground Two:** Petitioner was sentenced in an unconstitutional system in which a Judge, not a jury, found sentence enhancing factors.

**Supporting Facts:** The trial judge did not give any reasons as to why he sentenced the Petitioner the way he did, just quoted civil code, not revised codes. And went beyond the statutory guidelines of his sentence.

**Ground Three:** The Petitioner was deprive[d of] counsel because of counsel's failure to predicate an error for Community Control Sanctions.

**Supporting Facts:** The Petitioner was qualified for Community Control and the Probation Department even requested it, but the Trial Court imposed an Unconstitutional sentence instead.

**Ground Four:** Consecutive sentences based on facts not found by a jury nor admitted by defendant violates his constitutional rights.

**Supporting Facts:** The trial court imposed consecutive sentences, using civil factors, and claimed that the five years plus the three years was not the maximum for a felony of the second degree. A second degree felony is Two to Eight.

In his brief supporting the Petition, Mr. Hicks words these grounds in slightly different ways and adds a fifth ground: The Appellate Court erred when it rendered its bias [sic] opinion, and prejudiced the Petitioner.

**Ground One**

In his first Ground for Relief, Petitioner asserts he received ineffective assistance of appellate counsel on his direct appeal when his counsel filed a brief under *Anders v. California*, 386 U.S. 738

(1967), indicating he could find no appealable error.

While agreeing with the general proposition that there is a constitutional right to effective assistance on appeal, the Magistrate Judge concluded Mr. Hicks had not said what issues he believed were stronger on appeal than those suggested by his counsel in the *Anders* brief.

Mr. Hicks object that there is "plain obvious error when the Appellate Court agreed in their opinion that the Judge improperly and incorrectly sentenced the Appellant unconstitutionally without using the required statutes to justify the sentence." (Objections, Doc. No. 5, at PageID 127). Mr. Hicks completely misstates what the Court of Appeals said: the language he cites appears nowhere in the Court of Appeals Opinion. The decision is reported at *Ohio v. Hicks*, 2009 Ohio 2740, 2009 Ohio App. LEXIS 2324 (Ohio App. 2nd Dist. June 5, 2009), and a copy of the slip opinion is in this Court's record at PageID 106-113. At no place in the opinion does the Court of Appeals agree that there is arguable merit to any claims on appeal. Instead, it found the appeal "wholly frivolous." PageID 113.

Mr. Hicks further argues (PageID 127) it was a denial of due process for the Court of Appeals to view the video record of the sentencing proceedings and determine what he actually said from that video record when he did not have an opportunity to review the video record or have an attorney to view the record. First of all, he did have counsel on appeal who eventually filed an *Anders* brief. Secondly, he does not suggest how he could possibly have been harmed by the appellate judges attempting to discern what he said from the video record when the written transcript was indiscernible.

**Ground Two**

In Ground Two Petitioner asserts he was deprived of his right to trial by jury when the trial judge, rather than a jury, found enhancing facts necessary to make the sentence greater for a first-time offender than the shortest prison term provided for the degree of offense of which he was convicted. Petitioner relies in this Court, as he did in the Ohio Court of Appeals, on Ohio Rev. Code § 2929.14(B) for the proposition that, in order to enhance the sentence, there must be a finding that the shortest prison term "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."

As decided by the Court of Appeals and noted in the original Report and Recommendations, this language was severed from the Ohio Revised Code by *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), and was no longer a part of Ohio law when Mr. Hicks was sentenced.

In his Objections, Mr. Hicks says

> [O]bviously the Magistrate is a friend of the trial judge[1], or he would of [sic] never said that the Ohio Supreme Court is a higher Court than the United States Supreme Court by criticizing *Blakely v. Washington*, 542 U.S. 296. *Foster* is a case that is unconstitutional and is the exact opposite of *Blakely* (see *Ice*). *Blakely* was rendered that it takes a jury not a sole Judge to render a sentence beyond the statutory maximum (Minimum) for first time offenders. Instead, in *Foster* the Ohio Supreme Court re-instated a trial judge's authority to sentence an offender to any term within the statutory range for first time offenders and for re-peat [sic] offenders, which is the same now, and was adopted by the legislature without making any special findings of enhancing facts, because they severed this portion of the Ohio Revised Code 2929.14. How can a Court sever portions of the

---

[1] The Magistrate Judge assumes this argument is sarcasm, rather than any imputation that the Magistrate Judge is disqualified. I know Judge Wagner professionally as another judge in Montgomery County, Ohio. I have no social or personal association with him.

> Ohio Revised Code without the General Assembly's participation even if the General Assembly did rule to sever the Ohio Revised Code, the Ohio Revised Code can not [sic] stand by itself after its [sic] been severed. To put it another way, the Ohio Revised Code is based upon first the crime once theirs [sic] a crime then there hast [sic] to be rules and regulations to govern that crime like what degree of felony, a felony of the first, secod [sic] third, fourth, or fifth degree. Once the gegree [sic] of felony has been determined, then there hast [sic] to be rules governing the case like an Indictment by the grand-jury. Severing the Ohio Revised Code is like severing the grand jury, because the Prosecutor said it was a felony, therefore, theres [sic] no need for grand jury. Severing the Ohio Revised Codes is a disgrace to the judicial system by letting a sole Judge who might be in a bad mood that day sentence defendant's [sic] to what ever he wants without any questions asked by anybody or any other Court.

(Objections, Doc. No. 5, PageID 128.)

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that any fact which increases a criminal sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. Then the Ohio Supreme Court held *Blakely* renders the Ohio sentencing scheme unconstitutional. *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). Having reached that undoubtedly correct decision, the court had to decide upon a remedy and it chose severance – elimination of those portions of the Ohio Revised Code which made Ohio's sentencing scheme unconstitutional. The United States Supreme Court had done the same thing the year before in *United States v. Booker*, 543 U.S. 220 (2005), when it found the mandatory aspect of the United States Sentencing Guidelines to be unconstitutional; it retained the Sentencing Guidelines, but excised the requirement that the be applied mandatorily.

Far from being a "disgrace," severance is the remedy provided by the General Assembly itself. Ohio Rev. Code § 1.50 reads:

> If any provision of a section of the Revised code or application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable.

If the General Assembly believed that severance was the wrong remedy in *Foster*, it has had ample opportunity to correct that error, but has not done so. For example, Ohio Rev. Code § 2929.14 has been amended ten times since *Foster* was decided, but the General Assembly has done nothing to disturb the effect of *Foster*.

Judge Wagner did not make any sentence-enhancing findings in sentencing Mr. Hicks to more than the statutory minimum, but he was not required to because that portion of the statute had been severed in *Foster*, well before Mr. Hicks was sentenced. Ground Two is therefore without merit.

### Ground Three

In Ground Three, Mr. Hicks asserts he was entitled to be sentenced to community control because that is what the Montgomery County Adult Probation Department told him they were going to recommend. In the original Report and Recommendations, the Magistrate Judge noted that the Court of Appeals had read the presentence investigation report and it did not recommend community control, but rather recommended a prison sentence.

In his Objections, Mr. Hicks asserts he should have been given an attorney to review the PSI to ensure that it says what the Court of Appeals found it says. As noted in the original Report, there is a presumption of correctness for state court factual findings and Mr. Hicks has offered no

evidence that the PSI says something other than what the Court of Appeals found it said. Even if the PSI had recommended community control, Judge Wagner was not obliged in any way to follow that recommendation or to make an explanation of why he did not do so, so long as he imposed a sentence within the range prescribed for a second degree felony. Ground Three is without merit.

## Ground Four

Petitioner's Fourth Ground for Relief reads:

> **Ground Four:** Consecutive sentences based on facts not found by a jury nor admitted by defendant violates his constitutional rights.
>
> **Supporting Facts:** The trial court imposed consecutive sentences, using civil factors, and claimed that the five years plus the three years was not the maximum for a felony of the second degree. A second degree felony is Two to Eight.

In the original Report, the Magistrate Judge concluded that this claim was without merit because it was based on the same underlying argument as Ground Two (Report and Recommendations, Doc. No. 3, at PageID 121). In fact, this is not exactly the same argument as Ground Two.

Mr. Hicks believes a Common Pleas judge is required to make certain findings of fact in order to impose consecutive sentences. That was the requirement of Ohio Rev. Code § 2929.14(E)(4) prior to *Foster*. The Ohio Supreme Court severed this requirement in *Foster* under the mistaken belief that it was unconstitutional under *Blakely*. However, the United States Supreme Court has subsequently decided that the traditional common law authority of a judge to impose consecutive sentences is not implicated by *Blakely*. *Oregon v. Ice*, ___ U.S. ___, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009).

All of this case law history is irrelevant to this case, however, because Judge Wagner did not impose "consecutive" sentences here. The sentencing range for a second degree felony, as provided in Ohio Rev. Code § 2929.14(A)(2) is two to eight years imprisonment, followed by a term of post-release control. Judge Wagner imposed one five-year imprisonment sentence for the only crime of which Mr. Hicks was convicted – felonious assault – with a three-year post-release control term after the imprisonment. This is not a consecutive sentence as that term is used in Ohio law or in criminal law generally. Indeed, Ohio Rev. Code § 2929.14(E) speaks about imposing multiple prison terms for multiple offenses.

Nothing in Ohio law or federal constitutional law required Judge Wagner to choose any particular sentence within the two-to-eight year range or to explain why he made that choice. Whether or not it would be wise as a matter of policy to require an explanation from a judge under those circumstances, as Mr. Hicks argues in his Objections, imposition of such a policy is beyond the authority of this Court. Ground Four is without merit.

**Ground Five**

In Ground Five Mr. Hicks asserts the Court of Appeals is biased against him because they relied on the video record of the plea instead of relying solely on the written transcript. The Magistrate Judge concluded in the original Report and Recommendations that these facts did not show bias. In his Objections, Mr. Hicks asserts that even if those facts do not show bias, they are themselves a basis for granting relief. However, there is no due process guarantee to any particular form of the record on appeal, nor do the differences found by the Court of Appeals between the

written transcript and the video record in any way support the conclusion that Mr. Hicks did not have a fair appeal. The video record was available for review by his appellate attorney before he filed the *Anders* brief. There is no federal constitutional right to separate access by an appellant himself. Ground Five is without merit.

**Conclusion**

Having review Mr. Hicks' Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice and Petitioner be denied any requested certificate of appealability and leave to appeal *in forma pauperis*.

April 20, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), or (E) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).